FILED
06 NOV 21 PM 12:06
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| AKINYELE ADELEKE, | CASE NO. 06cv2235-LAB (BLM) |
|---|---|
| Petitioner, | ORDER DISMISSING PETITION, AND ORDER DENYING *EX PARTE* APPLICATION FOR TEMPORARY INJUNCTIVE RELIEF |
| vs. | |
| MICHAEL CHERTOFF, Secretary of Department of Homeland Security, RON SMITH, District Director (I.C.E.), | |
| Respondents. | |

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 stating that he seeks to challenge the conditions of his confinement while he is being held by the U.S. Department of Homeland Security pending deportation.

At the time of filing, Petitioner had an appeal of removal proceedings pending before the Ninth Circuit Court of Appeals. On November 1, 2006, this Court granted Petitioner leave to file *in forma pauperis* ("IFP"), but did not order his petition to be served.

**Mandatory *Sua Sponte* Screening**

Under 28 U.S.C. § 1915(a), the Court must, on its own motion, review a complaint filed by any person proceeding IFP. This requirement does not apply to habeas corpus petitions, *Naddi v. Hill*, 106 F.3d 275, 277 (9th Cir. 1997), but as noted below, the petition is in fact only partly a petition for habeas corpus; the remainder is properly construed as a civil

Dockets.Justia.com

rights action. *See Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991) (construing civil rights complaint partly as a petition for habeas corpus under 28 U.S.C. § 2241 and partly as a civil rights action under *Bivens v. Six Unknown Named Narcotics Agents*, 403 U.S. 388 (1971)). As further discussed below, that portion of the petition seeking habeas relief appears to be unripe, and jurisdictional considerations quite apart from § 1915 therefore require the Court to examine this question. *Gates v. Deukmejian*, 987 F.2d 1392, 1410 (9th Cir. 1992) (federal courts lack jurisdiction to rule on their merits of moot or unripe questions); *In re Thomas*, 428 F.3d 1266, 1268 (9th Cir. 2005) (holding that court must consider the presence or absence of subject matter jurisdiction *sua sponte*).

A complaint must be dismissed by the Court if it is "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc).

Under 28 U.S.C. § 1915(e)(2), the Court reviewing a complaint filed pursuant to the IFP provisions of § 1915 must make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Fed. R. Civ. P. 4(c)(2). *Lopez*, 203 F.3d 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an IFP complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that "the language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

Petitioner is proceeding *pro se*. While the Court must construe *pro se* pleadings liberally, it may not "supply elements of [a] claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 278 (9th Cir. 1982).

### Status of Matters Before Other Tribunals

Petitioner has referenced his appeal to the Ninth Circuit of the Board of Immigration Appeals' order of removal, pursuant to 8 U.S.C. § 1252(a)(1). The Court notes that on September 13, 2006, Petitioner filed a petition for review and a motion for stay of removal.

/ / /

On November 2, 2006, that petition was dismissed on Petitioner's own motion. Petitioner also mentions that on June 28, 2006, he was ordered deported.

Petitioner says several staff members asked him to withdraw his appeal to the Board of Immigration Appeals but he declined. He goes on to say that "on the 5th of September[,] 2006 [he] was informed that his pending appeal ha[d] been withdrawn." (Petition at 5.) Because this appears to have come as a surprise to Petitioner, the Court infers that he did not voluntarily withdraw this appeal, and that this appeal must therefore have been denied or rejected sometime shortly before September 5, 2006.

As a preliminary matter, the Court therefore assumes that the instant petition is the only action or proceeding to which Petitioner is a party.

**Petitioner's Claim**

Petitioner contends that he is currently in the custody of the Department of Homeland Security. He names only Michael Chertoff, Secretary of the Department of Homeland Security; and Ron Smith, identified as District Director of Immigration and Customs Enforcement, as Respondents. He gives a detailed account of his appeal to the Ninth Circuit. Petitioner complains that he should not be held in custody pending his removal, citing *Demore v. Kim*, 538 U.S. 510, 123 S.Ct. 1708, 1710 (U.S. 2003). Petitioner contends that he was or is unable to effectively challenge his removal because he is being held in custody without access to lawyers and legal materials.

Petitioner alleges that, following his discovery and disclosure of wrongdoing by employees of the Corrections Corporation of America (the "CCA"), unnamed CCA employees made death threats against him. He also alleges that on March 15, 2006, he was moved to solitary confinement where he has since been held incommunicado. Other than speculation that he was so confined in order to prevent him from effectively challenging his removal, Petitioner identifies no basis for this move, nor does he identify any harm resulting from such confinement.

Although Petitioner alleges he brought some of his grievances to the attention of the officer in charge, he fails to allege that he has exhausted all available administrative

remedies, as is generally required in *Bivens* and § 2241 habeas petitions. *See Terrell v. Brewer*, 935 F.2d 1015, 1019 (9th Cir.1991) (*Bivens* action); *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986) (§ 2241 habeas petition). Petitioner has not explained whether he is accused of, convicted of, sentenced for, or adjudicated delinquent for violations of criminal law, which would subject him to Prison Litigation Reform Act requirements. Petitioner has provided no authority or information showing whether administrative remedies are available to him which might give him the relief he seeks, or whether some other exception to the exhaustion requirement applies (*e.g.*, as set forth in *McCarthy v. Madigan*, 112 S.Ct. 1081, 1086–88 (1992)). The petition is therefore missing either allegations that Petitioner has exhausted his administrative remedies, or an explanation of why he should not be required to exhaust them.

Petitioner seeks certain injunctive relief. He requests that the Court assume jurisdiction over this matter, and order Respondents to "ameliorate [his] conditions of confinement." The Court construes this to mean that Petitioner seeks an opportunity to be released on bond, and that he seeks access to legal reference materials and legal assistance. Alleging that the facility in which he is held is run by the CCA, Petitioner seeks preliminary and permanent injunctive relief enjoining the CCA (who is not a party to this action) or its employees from communicating officially with Petitioner except with Petitioner's permission or at his request. Petitioner also seeks an injunction requiring three particular employees of the Corrections Corporation of America (who are not parties to this action) to stay at least 400 yards away from him.

The people against whom Petitioner seeks injunctive relief are not named as Respondents. With limited exceptions not applicable here, a district court lacks authority to issue an injunction directed at an entity that is not a party before it. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969). Although the Court construes the petition liberally, it falls to Petitioner, not the Court, to name the proper Respondents. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (holding that, where *pro se* litigant failed to name the proper parties, the trial court should have granted him leave to file an amended

1  complaint naming them.) Petitioner has also not adequately explained why he believes the
2  injunction he requests should be granted.
3        Under the holding of *Demore*, aliens deportable for criminal offenses may be detained
4  for brief periods in connection with their removal proceedings. 538 U.S. at 531. Construing
5  the petition liberally, the Court concludes that the removal order became administratively
6  final shortly before September 5, 2006. However, pursuant to federal statute, a 90-day
7  removal period follows entry of a removal order, during which the Attorney General <u>must</u>
8  detain the alien. *See* 8 U.S.C. § 1231(a)(1)–(2). On the basis of the petition, it appears that
9  the removal period has not yet expired, until which time Petitioner will not be eligible for
10 release on bond. 8 U.S.C. § 1231(a)(3); 8 C.F.R. § 241.4(c)(1), (h), (k)(1)(l) (2001)
11 (providing for review by the Immigration and Naturalization Services Director following
12 expiration of the 90 days). *See also Zadvydas v. Davis*, 533 U.S. 678, 683, 121 S.Ct. 2491,
13 2495 (U.S. 2001) (discussing statutory provisions of eligibility for supervised release).
14       Although the Court will construe the petition liberally, Petitioner is also advised that
15 a habeas corpus petition under § 2241 is appropriate where a prisoner seeks to be released
16 from custody ( *e.g.*, on bond ); but to the extent he is challenging the conditions of
17 confinement, including the location of his confinement, his remedy is under civil rights law.
18 *See Young v. Kenny*, 907 F.2d 874, 877 (9th Cir. 1990); *Bunn v. Conley*, 309 F.3d 1002,
19 1007 (7th Cir. 2002).
20       Bearing in mind Petitioner's request for a restraining order prohibiting certain
21 employees from approaching Petitioner, the Court infers that Petitioner is no longer being
22 held incommunicado and in isolation as he mentioned. Because Petitioner apparently has
23 no matters pending before other tribunals, it does not appear that Petitioner is currently in
24 need of access to legal research materials or legal assistance. If Petitioner wished to
25 challenge his removal on the basis that he was denied the opportunity for a meaningful
26 defense, he could and should have raised that before the Ninth Circuit; under 8 U.S.C. §
27 1252(a)(5), it is the Court of Appeals, and not this Court, that has jurisdiction to review final
28 orders of removal.

After conducting the mandatory screening, the Court concludes that the petition fails to state a claim for which relief can be granted.

**Conclusion and Order**

Petitioner has filed an *ex parte* application for temporary injunctive relief, which Petitioner signed on November 2, 2006, presumably before he knew that the Ninth Circuit had dismissed his appeal. This application also references similar conditions of confinement, and requests as relief a writ of *habeas corpus ad testificandum* in this action, and an order requiring Respondents to move Petitioner to a different facility. Because the petition will be dismissed without prejudice for failure to state a claim upon which relief can be granted, the *ex parte* application either is untimely (assuming Petitioner hereafter files a petition that survives the mandatory screening), or must be dismissed for want of jurisdiction (if Petitioner does hereafter file a petition that survives the mandatory screening).

The petition is therefore **DISMISSED WITHOUT PREJUDICE**. If Petitioner wishes to file an amended petition, he must do so on or before the close of business on Friday, December 8, 2006. Petitioner should correct the deficiencies identified in this order. In particular, Petitioner must provide information showing when his appeal to the Board of Immigration Appeals was denied, rejected, or withdrawn; and must provide details of any pending appeals or other pending proceedings to which he is a party. Petitioner must also state whether he is accused of, convicted of, sentenced for, or adjudicated delinquent for violations of criminal law. Petitioner is advised that the amended petition must be complete in itself, without reference to the earlier petition or *ex parte* application.

///
///
///
///
///
///
///

1  **If Petitioner does not file an amended petition as described above by the close
2  of business on December 8, 2006, or if he fails to correct the deficiencies identified
3  in this order, this petition may be dismissed without further notice to Petitioner.**

5  **IT IS SO ORDERED.**
6  DATED: _11-17-06_

   _(signature)_
   **HONORABLE LARRY ALAN BURNS**
   United States District Judge

9  cc:   Magistrate Judge Barbara Lynn Major
         Petitioner, *Pro Se*
10       All Counsel of Record