# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| AKINYELE ADELEKE, | CASE NO. 06cv2235-LAB (BLM) |
|---|---|
| Petitioner, | **ORDER DISMISSING PETITION** |
| vs. | |
| MICHAEL CHERTOFF, Secretary of Department of Homeland Security, RON SMITH, District Director (I.C.E.), | |
| Respondents. | |

On October 4, 2006, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 stating that he seeks to challenge the conditions of his confinement while he is being held by the U.S. Department of Homeland Security pending deportation. Specifically, he seeks to be released on bond pending removal.

At the time of filing, Petitioner had an appeal of removal proceedings pending before the Ninth Circuit Court of Appeals. On November 1, 2006, this Court granted Petitioner leave to file *in forma pauperis* ("IFP"), but did not order his petition to be served.

On November 21, 2006, the Court dismissed the petition without prejudice, noting certain deficiencies, and permitted Petitioner to file an amended petition addressing the deficiencies. The deficiencies identified included failure to plead exhaustion of administrative remedies, an incomplete statement of the status of matters pending before other tribunals, and, most significantly, the apparent unripeness of Plaintiff's claim.

1  Plaintiff was specifically cautioned that if he failed to amend his petition within the
2 permitted time to correct the deficiencies, it could be dismissed without further notice to him.
3 On December 1, 2006, Petitioner submitted an *ex parte* motion for an extension of time,
4 citing lack of access to library facilities. Petitioner mentioned that he had not yet received
5 the Court's order of November 21. The Court issued an order granting Petitioner's request,
6 but specifically addressed the ripeness issue, pointing out that the Court lacked jurisdiction
7 to decide unripe questions. The Court cautioned him that if the petition was unripe when it
8 was filed, he could not rely on events unfolding later to create jurisdiction if none existed at
9 the time of filing.

10  On January 12, 2007, Petitioner again moved *ex parte* for an extension of time to file
11 his amended petition, stating that although he had been telephonically advised of the Court's
12 November 21, 2006 order, he had yet to receive a copy of it. The Court granted Petitioner's
13 motion, and directed the Clerk to re-send a copy of that order. The Court directed Petitioner
14 to observe the instructions in its previous orders, and specifically repeated its cautions
15 regarding unripeness.

16  On February 6, 2007, Petitioner sent the Court his amended petition. In it, Petitioner
17 has attempted to provide a clearer picture of the efforts he has taken to exhaust his
18 administrative remedies, and of matters he has pending before other tribunals.

19  Previously, Petitioner stated he had filed an appeal of his removal order, but that he
20 learned on September 5, 2006 that his appeal had been withdrawn. The Court inferred,
21 therefore, that Petitioner's removal order could have become final no later than a few days
22 before September 5, 2006. Assuming this to be true, the Court reasoned, the petition was
23 not ripe when it was filed, because a 90-day removal period follows entry of a removal order,
24 during which the Attorney General <u>must</u> detain the alien. *See* 8 U.S.C. § 1231(a)(1)–(2).
25 On the basis of the petition, it appeared that at the time the petition was filed, Petitioner was
26 not eligible for release on bond. 8 U.S.C. § 1231(a)(3); 8 C.F.R. § 241.4(c)(1), (h), (k)(1)(I)
27 (2001) (providing for review by the Immigration and Naturalization Services Director following
28 / / /

expiration of the 90 days).  *See also Zadvydas v. Davis*, 533 U.S. 678, 683, 121 S.Ct. 2491, 2495 (U.S. 2001) (discussing statutory provisions of eligibility for supervised release).

The amended petition includes an update on the finality of the order of removal, and states that the Board of Immigration Appeals reopened his appeal and finally dismissed it only on October 29, 2006. (Am. Pet. at 4.)  Petitioner says he then appealed the removal order to the U.S. Court of Appeals for the Ninth Circuit. (*Id.*)  Therefore, at the time the petition was filed, Petitioner's notice of removal had not yet become administratively final, and the 90-day removal period had not yet begun to run. *See* 8 C.F.R. § 1241.1(a) (removal order becomes final "[u]pon dismissal of an appeal by the Board of Immigration Appeals.")  Even construing the amended petition liberally, at the time of filing, Petitioner had not yet become eligible for release on bond.

The Court lacks jurisdiction to decide unripe questions, *Lockary v. Kayfetz*, 917 F.2d 1150, 1153 (9th Cir. 1990), and ripeness is determined as of the time of filing. *Wilbur v. Locke*, 423 F.3d 1101, 1107 (9th Cir. 2005).  Therefore, on the basis of the pleadings, this Court lacks jurisdiction to consider Petitioner's claims.  The Court therefore does not reach the issue of whether the amended petition has cured the other deficiencies identified in the Court's previous orders.

The Petition is therefore **DISMISSED WITHOUT PREJUDICE, AND WITHOUT LEAVE TO AMEND.**

**IT IS SO ORDERED**.

DATED: February 9, 2007

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge